• **ESTATE OF Tamara COOPER, et al., Plaintiffs,**

v.

**MILWAUKEE COUNTY, et al., Defendants.**

No. 99–C–1054.

United States District Court, E.D. Wisconsin.

July 14, 2000.

Bettie A. Rodgers, Law Offices of Bettie Rodgers & Associates, Shorewood, WI, Lawrence G. Albrecht, First Blondis Albrecht Bangert & Novotnak, Milwaukee, WI, for plaintiffs.

Mark A. Grady, Milwaukee County Corporation Counsel, Milwaukee, WI, James A. Baxter, Mary C. Fianner–Strack, Baxter O'Meara & Samuelsen, Milwaukee, WI, Samuel J. Leib, Douglas S. Knott, Leib & Katt, Milwaukee, WI, for defendants.

### DECISION AND ORDER

MYRON L. GORDON, District Judge.

This action is brought by the estate, mother, brothers and sisters of Tamara Cooper, a young child who died in the custody of foster parents Steven and Jane Hansen. The defendants are Milwaukee County, three social workers with the Department of Human Services ["DHS"], and the county's insurer [collectively "the defendants" or "the county"]. The Hansens were also named as defendants, but they have reached a settlement with the plaintiffs.

The plaintiffs allege that the defendants negligently caused Tamara's death by failing to warn the Hansens that she had a medical condition that made her prone to "convulsion-inducing sedrile seizures". The plaintiffs also allege that on the day she died, the Hansens were negligent because they failed to take her to the hospital promptly when she became seriously ill.

In its motion for partial judgment on the pleadings, the county raises a narrow issue

directed at only one of the plaintiffs' four claims. The plaintiffs' second state law claim is based upon the alleged negligence of the Hansens. The county seeks a ruling that it cannot be held vicariously liable for the Hansens' negligence. The issue, though narrow, is obviously important because if the county is successful, it will not be liable for any damages that were caused by the Hansens. If the county is unsuccessful, then it will be liable for all damages caused by its own alleged negligence and by that of the Hansens.

I hold that the county is not vicariously liable for the acts and omissions of the Hansens. The Wisconsin court of appeals reached the same conclusion in *Kara B. v. Dane County,* 198 Wis.2d 24, 61, 542 N.W.2d 777 (Ct.App.1995), *aff'd,* 205 Wis.2d 140, 555 N.W.2d 630, the case that forms the basis for the defendants' motion. There the court held that Dane County did not have the type of "master-servant" relationship that would make it liable for the negligence of a foster parent. *Id.* at 60–61, 542 N.W.2d 777. The plaintiffs do not quarrel with the state appeals court's thorough analysis of the vicarious liability issue, nor do they attack such court's conclusion that the foster parent was not an agent of the county for purposes of that doctrine.

The plaintiffs, however, contend that § 895.485(4), Wis.Stats., imposes vicarious liability in this case. That section provides in pertinent part:

Any agency that acts in good faith in placing a child with a foster ... parent is immune from civil liability for any act or omission of the agency, the foster ... parent or the child unless all of the following occur:

(a) The agency has failed to provide the foster ... parent with any information relating to a medical condition of the child that it is required to disclose under this paragraph .... [and]

(b) Bodily injury to the child ... occurs as a direct result of the failure under par. (a).

The court in *Kara B.* did not consider this statute, though the court's summary of the proceedings below revealed that the trial court had found the county immune under § 895.485(4). In the instant case, by contrast, the plaintiffs allege and the defendants do not dispute that both of the conditions in (a) and (b) above are present here, thereby disentitling the county from the statutory immunity.

Contrary to the plaintiffs' argument, however, the absence of statutory immunity is not synonymous with vicarious liability. There is nothing in the statute's language or sparse legislative history to suggest that the legislature intended to wipe out common law defenses that would otherwise be available, such as the limits of the doctrine of vicarious liability. The plain language of the statute (including its title "Civil liability exemption ...") demonstrates that it was created to establish a conditional immunity and not as a positive source of liability. If the legislature had intended to create a statutory cause of action that abrogated common law principles of vicarious liability, I believe § 895.485(4) would have been worded differently.

*Benjamin Plumbing, Inc. v. Barnes,* 162 Wis.2d 837, 470 N.W.2d 888 (1991), supports this conclusion. There the Wisconsin Supreme Court held that a different statutory immunity applicable to directors of nonprofit organizations did not abrogate common law liability under agency principles. *Id.* at 859, 470 N.W.2d 888. The court recognized the principle that "statutes in derogation of the common law must be strictly construed," and concluded that the statute in question— § 181.287, Wis. Stats.—failed to "clearly express[ ]" an intent to change the common law. *Id.* (internal quotation marks omitted).

The plaintiffs argue that the conditions in § 895.485(4) would be meaningless if the county would not be liable in any event. As I mentioned above, this argument fails to appreciate the difference between "non-exempt" and "liable". Moreover, the ap-

plication of the statute to the allegations of the complaint illustrate that the statutory conditions are not meaningless. I have assumed for purposes of this motion that both conditions in subsections (a) and (b) of § 895.485(4)—failure to provide medical information and resulting injury—are present here. Therefore the county is not immune under the statute. Had it not been for the presence of the two conditions, the county would have been immune under the language of the statute *both* for its own acts or omissions *and* those of the Hansens. Because the county is not immune, common law principles take effect, and the county becomes potentially liable for its own conduct, but not for the Hansens' because they are not county agents for purposes of vicarious liability. Thus the statutory conditions have a significant impact in this case.

## ORDER

IT IS ORDERED that the defendants' motion for partial judgment on the pleadings be and hereby is granted and that the plaintiffs' second state law claim be and hereby is dismissed.